UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEREK W. FIELDS, SR.,                       )
                                            )
                    Plaintiff,              )
                                            )
        v.                                  )        Cause No. 3:17-CV-297 JD
                                            )
SHELDON B. SCOTT, *et al.*,                 )
                                            )
                    Defendants.             )

OPINION AND ORDER

Derek W. Fields, Sr., a pro se prisoner, filed a complaint alleging Fourth Amendment illegal search and seizure claims which arose as a part of his criminal case: *United States v. Fields*, 3:15-CR-87 (N.D. Ind. filed October 14, 2015). "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint.

Fields alleges that Officer Sheldon B. Scott fabricated the existence of a confidential informant in an affidavit of probable cause. He alleges that Scott's information was actually obtained from an illegal wiretap of his phone. These are the same arguments made in the suppression hearing held on August 18, 2016, in his criminal case. In that case, Judge Miller found that there was a confidential informant and denied the motion to suppress. Fields was thereafter convicted on February 22, 2017.

A "plaintiff can be collaterally estopped from relitigating fourth amendment claims that were lost at a criminal suppression hearing." *Harris v. Huston*, 553 Fed. Appx. 630, 631 (7th Cir.

2014). *See also Best v. City of Portland*, 554 F.3d 698, 702 (7th Cir. 2009) ("Had the case terminated with a final judgment of conviction, the denial of Best's suppression motion would have preclusive effect."). Such is the case here and this case will be dismissed. However, the dismissal is without prejudice because if Fields is able to overturn his conviction, then he may file another civil rights lawsuit raising these claims.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.") Such is the case here. No amendment could permit these claims to proceed until his conviction is overturned.

For these reasons, this case is **DISMISSED WITHOUT PREJUDICE**.

SO ORDERED.

ENTERED:  June 2, 2017


_____/s/ JON E. DEGUILIO_____
Judge
United States District Judge